```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division

UNITED STATES OF AMERICA,    )
                             )
         v.                  )
                             )     1:06cr9(JCC)
SABRI BENKAHLA,              )
                             )
    Defendant.               )
```

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant's motion to stay these proceedings pending his interlocutory appeal to the United States Court of Appeals for the Fourth Circuit. For the following reasons, the Court will deny Defendant's motion.

### I.  Background

Defendant, Sabri Benkahla, is presently charged with two counts of making false declarations before a federal grand jury, in violation of 18 U.S.C. § 1623, and one count of obstruction of justice, in violation of 18 U.S.C. § 1503.  Count I is based solely on Defendant's grand jury appearance on August 26, 2004 and charges that Defendant made twenty-four separate false statements to the grand jury.  Count II stems from Defendant's November 16, 2004 grand jury appearance; it charges that Defendant testified falsely in six separate statements. Count III, the obstruction of justice count, is based on Defendant's testimony in both the August and the November grand jury appearances.

On March 30, 2006, Defendant filed a motion to dismiss the charges against him pursuant to the collateral estoppel doctrine.  Defendant pointed out that the Government would have to prove the truth of several underlying factual matters in order to establish the falsity of his grand jury testimony.[1]  He argued that the doctrine of collateral estoppel, as articulated by the Supreme Court in *Ashe v. Swenson*, 397 U.S. 436 (1970), precluded the Government from relitigating these underlying issues of fact.  On May 17, 2006, this Court entered a Memorandum Opinion and Order denying the majority of the relief requested by Defendant.  The Court held, *inter alia*, that the factual issues underlying most of the instant perjury charges were not identical to the issues presented by the earlier IEEPA charges.[2]

On May 30, 2006, Defendant filed a motion to stay these proceedings pending his interlocutory appeal of the Court's

---

[1] In June 2003, Defendant was charged with willfully supplying and attempting to supply services to the Taliban, in violation of 50 U.S.C. § 1705, the penalty provision for violations of the International Emergency Economic Sanctions Act ("IEEPA"), and with using a firearm in furtherance of the alleged IEEPA violation, in violation of 18 U.S.C. § 924(c).  These charges were based on Defendant's alleged participation and use of a firearm in a jihad training camp operated by the Pakistani terrorist group Lashkar-e-Taiba in the territory of Afghanistan controlled by the Taliban during the summer of 1999.  In March 2004, Defendant was acquitted of these charges.  Defendant's subsequent grand jury testimony, which is the subject of the instant indictment, centered on Defendant's activities during his trip to South Asia in the summer of 1999.

[2] The Court also determined that the collateral estoppel doctrine did preclude the Government from establishing the falsity of Defendant's testimony about statements he made in emails of July 9, 1999 and April 6, 2000.  The Government has not yet filed a notice of appeal with respect to this, or any, aspect of the Court's decision.

collateral estoppel determination.  This motion is currently before the Court.

## II.  Analysis

As a general rule, a litigant may not appeal from an order that is not final.  *See* 28 U.S.C. § 1291; *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).  The courts have created an exception to the final judgment rule, however, where a criminal defendant seeks appeal from a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds.  *See Abney v. United States*, 431 U.S. 651, 659 (1977); *United States v. Goodine*, 400 F.3d 202, 206 (4th Cir. 2005).  Defendant claims that the collateral estoppel arguments set forth in his motion to dismiss implicated the Fifth Amendment's Double Jeopardy Clause.  As such, he argues that he is entitled to an interlocutory appeal and a stay of these proceedings pending his appeal to the United States Court of Appeals for the Fourth Circuit.  The Court disagrees.

An interlocutory appeal of a claimed double jeopardy violation is inappropriate where the double jeopardy claim is frivolous.  *See United States v. Head*, 697 F.2d 1200, 1204-05 (4th Cir. 1982).  In *Head*, the Fourth Circuit was presented with a situation in which the defendant sought an interlocutory appeal of the district court's denial of his motion to dismiss, which claimed that the collateral estoppel doctrine precluded a second

prosecution of the defendant.  In the fall of 1979, Murdock Head was convicted of a single conspiracy charge, which had three objects, including a tax evasion object.  At the same time, the jury acquitted Head of two charges of substantive tax violations.[3]  On appeal, the Fourth Circuit reversed Head's conspiracy conviction.  Thereafter, at retrial on the conspiracy charge, the Government eliminated one of the three alleged objects of the conspiracy.  Head filed a motion *in limine* seeking to strike the tax object of the conspiracy and the related overt acts.  Head also attempted to dismiss the entire indictment, arguing that collateral estoppel principles barred the Government from prosecuting the conspiracy count.  The district court denied Head's motions, and Head noticed an interlocutory appeal and sought a stay of the trial court proceedings pending the appeal. *See id.* at 1203.

   The Fourth Circuit declined to grant the stay or entertain the appeal, reasoning, *inter alia*, that Head's collateral estoppel challenge did not implicate the Double Jeopardy Clause.  Specifically, the court held that "double jeopardy guarantees are not engaged by collateral estoppel which, if applied, would merely restrict proof but not make conviction impossible."  *Id.* at 1205.  Since a successful interlocutory

---

[3] The indictment had also alleged various other tax charges against Head, but the district court dismissed the majority of these counts.

appeal from denial of Head's claim "could only lessen and not wholly remove the possibility of conviction and lesser associated hazards of being again tried, no constitutional, as opposed to legal, right is at stake in such a claim." *Id.* (internal citation omitted).  The Fourth Circuit held that *Ashe v. Swenson* was distinguishable from such a case, as *Ashe* involved "a context where a fact necessarily determined in the defendant's favor by his earlier acquittal made his conviction on the challenged second trial for a concededly different offense *impossible* unless the fact could be relitigated and determined adversely to the defendant." *See id.* (emphasis added).

The Court finds that the instant case is analogous to *United States v. Head*.  Counts I and II, the false declarations charges, are both multi-pronged; thus, they could not be dismissed on collateral estoppel grounds unless each and every one of their underlying prongs were dismissed.  Count III, the obstruction of justice charge, incorporates the false statements alleged in Counts I and II and could not be dismissed unless all of the factual prongs underlying Counts I and II were dismissed as well.  Defendant's motion to dismiss based on collateral estoppel did not, however, address every discrete statement alleged as perjury in either Count I or Count II.[4]  As such, even

---

[4] Defendant specifically conceded in his motion to dismiss that the government was not collaterally estopped from charging him with perjury for denying that he had ever fired an AK-47 style rifle or a rocket-propelled grenade, as alleged in Count I.  Similarly, Defendant conceded that the

if the Court had granted the entirety of the relief requested by Defendant in his collateral estoppel motion, dismissal of Count I, II, or III would not have been possible.

Defendant argues that his situation differs from the question presented in *Head*, in that Head was indicted in a single count with a single crime (namely, conspiracy), whereas Defendant has been indicted in three counts, each containing a number of separate crimes. For purposes of this argument, Defendant contends that each of the twenty-four separate allegations of false statements in Count I constitutes a "separate crime," as does each of the six separate statements alleged to be false in Count II.

The Court disagrees with Defendant's characterization of this case. While each of the allegedly perjurious statements may indeed constitute an independent basis for a guilty verdict on either Count I, II, or III, the fact remains that Defendant stands accused of only three statutory violations. Even if the jury were to find that Defendant perjured himself in each and every one of the thirty charged statements, Defendant would be subject to a maximum penalty of five years imprisonment on Count I, five years imprisonment on Count II, and ten years imprisonment on Count III. *See* 18 U.S.C. §§ 1503(b)(3); 1623(a).

---

collateral estoppel doctrine did not apply to his testimony regarding his decision in London to purchase a ticket to Pakistan and to travel there with an individual who he had recently met. (*See Mot. to Dismiss Based Upon Collateral Estoppel*, at 16, n.8.)

Each of the specific statements alleged as perjury is merely a discrete basis for a conviction on the appropriate count, not a separate, freestanding crime, as Defendant claims.

Finally, the Court notes that the Fourth Circuit has specifically rejected the contention that an interlocutory appeal is appropriate where the claimed collateral estoppel would "preclude the establishment of a 'discrete basis' for a jury verdict." *Head*, 697 F.2d at 1206 n.9.  The final judgment rule bars an interlocutory appeal unless "the preclusion would run to reprosecution of a discrete criminal 'offense,'" such as "one of multiple counts of an indictment." *Id.*  In this case, as in *Head*, the claimed collateral estoppel would have not absolutely prevented conviction on any of the three counts.

As Defendant has never raised a collateral estoppel argument that would preclude a conviction on any of the three charges against him, the Court finds that Defendant's collateral estoppel claim was, in substantive content, not a double jeopardy claim.  As such, Defendant's double jeopardy argument should be considered "frivolous" for purposes of the *Abney* exception to the final judgment rule.  *See Head*, 697 F.2d at 1204-05.  Defendant has no constitutional right to an interlocutory appeal, and a stay of these proceedings pending Defendant's appeal to the Fourth Circuit would be inappropriate.

### III. Conclusion

For the foregoing reasons, the Court will deny Defendant's motion to stay these proceedings pending appeal.  An appropriate Order will issue.


July 3, 2006                          _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                      UNITED STATES DISTRICT COURT JUDGE